USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/15/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Myung-Ja Melton,

                Plaintiff,

-against-

Malcolm Shabazz, L.P. et al.,

                Defendants.

1:18-cv-08111 (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's letters dated June 11 and 12, 2020 (ECF Nos. 61, 62, 63 & 66) and Defendants' June 11, 2020 response. (ECF No. 64.) Plaintiff seeks the appointment of pro bono counsel, an extension of time to complete discovery and the assistance of the U.S. Marshals service in serving six subpoenas on non-parties. For the reasons set forth below, Plaintiff's requests are DENIED WITHOUT PREJUDICE until following resolution of Defendants' anticipated motion for summary judgment.

With respect to Plaintiff's request for appointment of counsel,[1] on the current record, the Court cannot determine whether Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d at 61-62 (setting forth factors a district court should consider in deciding whether to appoint

---

[1] The *informa pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for pro bono representation. *Id*. Even if a court believes that a litigant should have a free lawyer, under the informa pauperis statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. US. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

counsel under 28 U.S.C. § 1915(d)). With respect to Plaintiff's request for an extension of time to seek discovery from six non-party entities, the Court is not satisfied that the additional discovery is proportional to the needs of the case. For example, in several instances, Plaintiff already appears to have elicited relevant deposition testimony. (*See* ECF No. 66.) In any event, Plaintiff is advised that, if she believes that any additional discovery is necessary to oppose Defendants' motion, she may state as such in her opposition. *See* Fed. R. Civ. P. 56(d). Thereafter, if Defendants' motion is denied, the Court will permit Plaintiff to renew her current motions.

The parties shall move forward with the summary judgment briefing schedule set forth in the Court's May 13, 2020 Order. (ECF No. 57.) A copy of this Order will be mailed to the *pro se* Plaintiff by Chambers.

**SO ORDERED.**

DATED:     New York, New York
           June 15, 2020

_____
STEWART D. AARON
United States Magistrate Judge